RECEIVED
IN MONROE, LA

NOV 1 4 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. No. 3:06-CR-30026-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| DANIEL SHANE BOYETT | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is Defendant Daniel Shane Boyett's "Motion to Sever and to Exclude Any Out-of-Court Statements Made by Co-Defendant, [Chris Eric] Eichelberger" ("Motion to Sever and to Exclude") [Doc. No. 22]. The Government filed an Opposition to Defendant's motion [Doc. No. 24]. For the following reasons, Defendant's motion is DENIED.

### ALLEGED FACTS

Boyett and his Co-Defendant Eichelberger are charged in a two-count Indictment with conspiracy to defraud the United States by committing bank larceny of FDIC-insured AM South Bank ("AM South") (Count 1) and the substantive act of larceny in the amount of $400,000 (Count 2), as well as aiding and abetting each other in the commitment of the larceny. The Government contends the evidence will show that Boyett was an armored car guard who staged a fake armed robbery with the help of Eichelberger. The Government further contends that Boyett and Eichelberger both told friends and associates about the robbery, how it was accomplished, how they split the money, and what they did with the money.

## LAW AND ANALYSIS

### A. Motion to Sever

Boyett moves to sever his trial from that of Eichelberger pursuant to Federal Rule of Criminal Procedure 14(a). He contends that a severance is necessary to avoid prejudice resulting from the introduction of out-of-court statements by Eichelberger to third parties which contain "implicit references to . . . Boyett's alleged participation in the crime." [Doc. No. 22, p. 1].

The Government responds that severance under Rule 14 is not necessary in this case because Boyett has shown no compelling need.

The Fifth Circuit has consistently held that when persons are indicted together, they should be tried together. *United States v. McKinney*, 53 F.3d 664 (5th Cir. 1995); *United States v. Wilwright*, 56 F.3d 586 (5th Cir. 1995). This rule is especially strong when defendants are charged, as they are in the present case, with a conspiracy. *United States v. Martinez-Perez*, 941 F.2d 295 (5th Cir. 1991). Joint trials "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (citing *Richardson v. Marsh*, 481 U.S. 200, 210 (1987)).

Rule 14 of the Federal Rules of Criminal Procedure provides that a court may grant a severance of defendants when it appears that a defendant will be prejudiced by a joint trial. Fed. R. Cr. P. Rule 14. To justify severance of co-defendants, the movant must show that he would suffer specific and compelling prejudice against which the court is unable to provide protection, such as through a limiting instruction, and that this prejudice would result in an unfair trial. *United States v. Kaufman*, 858 F.2d 994, 1003 (5th Cir. 1988) (citing *United States v. Toro*, 840 F.2d 1221, 1238 (5th Cir. 1988)). "A district court should grant a severance under Rule 14 only

if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

Boyett asserts that he would be prejudiced by a joint trial because Eichelberger made statements which contain implicit references to his involvement in the crimes. If the trial is not severed and Eichelberger chooses not to testify, Boyett contends that he will not be able to cross-examine Eichelberger and will be improperly denied his right to confront his accuser.

The Government argues that it does not intend to use the statements to which Boyett has referred because they are exculpatory, not inculpatory. Even if the Government does use Eichelberger's statements, Boyett's objection can be addressed by redacting all references to him.

Boyett has not provided the Court with copies of the disputed statements, does not explain how those statements prejudice his defense, and gives only one example of a statement made by Eichelberger (i.e., Eichelberger allegedly told an acquaintance that the theft was "an inside job with the armored car driver.").

In *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court held that a criminal defendant's Sixth Amendment confrontation right is violated where a hearsay confession by his co-defendant inculpating the defendant is admitted into evidence, and the co-defendant does not testify. *Id.* at 126. In this situation, limiting instructions alone are not an adequate remedy. *Id.* at 137. However, the Confrontation Clause is not violated by admission of a non-testifying co-defendant's confession with a proper limiting instruction when the confession is redacted to eliminate any inculpatory reference to the defendant.

Without copies of the statements or additional information suggesting otherwise, the

3

Court can only conclude, at this point, that Boyett's objection could be remedied by a redaction of Eichelberger's statements. In fact, Boyett admits that "severance could possibly be avoided if all references to . . . Boyett were deleted." [Doc. No. 22-2, p. 2]. It will be the Government's responsibility to make any redactions necessary to ensure that Defendant is not denied his confrontation rights. *See Gray v. Maryland*, 523 U.S. 185 (1998) (holding that a redaction that replaces a defendant's name with an obvious indication of deletion, such as a blank space, still falls within *Bruton's* protective rule).

Boyett has failed to meet his burden of showing that he is entitled to a severance pursuant to Rule 14. He has shown neither specific and compelling prejudice against which the Court is unable to provide protection, nor that this prejudice would result in an unfair trial. Therefore, to the extent that Boyett seeks severance of his trial from that of Eichelberger, Boyett's Motion to Sever and to Exclude is DENIED.

### B. Motion to Exclude Co-Defendant's Statements

Alternatively, Boyett moves to exclude Eichelberger's statements to third parties under *Bruton* and *Crawford v. Washington*, 541 U.S. 36 (2004), on Confrontation Clause grounds.

The Government responds that the Eichelberger's statements to others should not be excluded for several reasons. First, as set forth above, the Government does not currently intend to offer statements by Eichelberger which would implicate *Bruton*, and, if it did, the statements could be redacted to avoid reference to Boyett.

Second, the Government contends that the statements fall under Federal Rule of Evidence 801(d)(2)(E), which provides that statements by co-conspirators made during the course and scope of the conspiracy are not hearsay, but are admissible as admissions of a party-opponent.

Third, the Government argues that *Crawford* is inapplicable because its holding is limited to unavailable declarants. Third-party witnesses will properly testify at trial about Boyett's and Eichelberger's statements to them regarding the commission of the crimes; these statements are admissible as against each Defendant because they were statements against interest.

As to the Government's first two arguments, the Court again points out that it has not been provided the statements and is unable to determine whether or not *Bruton* is implicated. At least the one example provided by Boyett appears to be inculpatory, not exculpatory, contrary to the Government's contentions and might well implicate *Bruton*. The Court also cannot determine whether or not the statements appear to have been made "during the course and scope of the conspiracy" and otherwise meet the co-conspirator admissibility requirements under Rule 801(d)(2)(E). *See Bourjaily v. United States*, 483 U.S. 171, 175-76, 180-81 (1987) (Before admitting a co-conspirator's statement under Rule 801(d)(2)(E), a court must find by the preponderance of the evidence that "there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made 'during the course and in furtherance of the conspiracy'"; in making this determination, the court may examine the statement itself). Before any such statements shall be presented in evidence, they must be presented to the Court for consideration out of the presence of the jury. However, without additional information, the Court will not exclude the statements at this time until it can be determined whether the statements are admissible without redaction or whether they are admissible, but only with redaction and can be properly redacted.[1]

---

[1] If these statements are non-testimonial, then the Court applies the test set forth in *Ohio v. Roberts*, 448 U.S. 56, 66 (1980), which requires that the statements either fall within a "firmly rooted hearsay exception" or bear "particularized guarantees of trustworthiness." *See United States v. Holmes*, 406 F.3d 337, 348 n.14 (5th Cir. 2005); *see also Davis v. Washington*, 126 S. Ct. 2266,

The Court has also considered Boyett's argument that the statements are testimonial and thus implicate his Sixth Amendment rights under *Crawford*.

The Sixth Amendment provides in part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." In *Crawford*, the Supreme Court held that out-of-court statements by witnesses that are testimonial are barred, unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. 541 U.S. at 59. Testimonial statements include, at a minimum, *ex parte* testimony at a preliminary hearing, affidavits, custodial examinations, police interrogations, or any prior testimony that the defendant was unable to cross-examine. *Id.* at 51-52; *cf. Davis*, 126 S. Ct. at 2275-76 (Witness' statements to 911 operator were not "testimonial").

In this case, the Government contends that it will offer testimony at trial by witnesses to whom both Boyett and Eichelberger made statements about the crimes at issue. These statements do not appear to implicate *Crawford* because they are not testimonial and they are not hearsay, but admissible statements against interest.[2]

While the Court may reconsider Boyett's arguments if provided additional information and argument, at this time, Boyett's Motion to Sever and to Exclude, is DENIED to the extent that it seeks the exclusion of Eichelberger's statements.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Sever and to Exclude [Doc. No. 22] is

---

2275 (2006).

[2]To the extent that Eichelberger made statements during a police interrogation, and he does not testify at trial, *Crawford* is implicated. At this time, however, the Government does not intend to offer these statements and will redact them if they are offered. Accordingly, the Court will address this issue when and if it arises.

6

DENIED at this time, subject to the Court's reconsideration.

Monroe, Louisiana, this __14__ day of __November__, 2006.

*[signature: Robert G. James]*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE