RECEIVED
IN MONROE, LA
SEP 17 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. No. 3:06-CR-30026-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| DANIEL SHANE BOYETT | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court are the following motions[1]: (1) Motion of Daniel Shane Boyett to Exclude Evidence of Alleged Other Crimes ("Motion to Exclude Other Crimes") [Doc. No. 49], (2) Motion of Daniel Shane Boyett to Reconsider Prior Ruling Denying Severance ("Motion to Reconsider") [Doc. No. 50], (3) Motion of Daniel Shane Boyett for Pretrial Determination of Admissibility of Co-Conspirator's Statements ("Motion on Admissibility of Co-Conspirator's Statements") [Doc. No. 51].

The Government has filed opposition memoranda to Defendant Daniel Shane Boyett's ("Boyett") motions [Doc. Nos. 55, 56, & 57].

Boyett has filed reply memoranda in support of his motions. [Doc. Nos. 64, 65, & 66].

The Court has reviewed the parties' memoranda and conducted a telephone status conference with all parties. For the following reasons, Boyett's Motion to Exclude Other Crimes and Motion to Reconsider are DENIED. Boyett's Motion on Admissibility of Co-Conspirator's Statements is also DENIED, subject to the Court's consideration of Defendants' objections at trial

---

[1] Defendant Daniel Shane Boyett has also filed a Motion in Limine to Exclude May 29, 2002, Telephonic Conversation [Doc. No. 59]. The Government has filed a response [Doc. No. 63]. The Court will address this motion in a separate ruling.

in this matter.

## ALLEGED FACTS

Boyett and his Co-Defendant Chris Eric Eichelberger ("Eichelberger") are charged in a two-count Indictment with conspiracy to commit bank theft of FDIC-insured AM South Bank ("AM South") (Count 1) and the substantive act of bank theft in the amount of $400,000 (Count 2), as well as aiding and abetting each other in the commitment of the bank theft. The Government contends the evidence will show that Boyett, an armored car driver, and Eichelberger staged a fake armed robbery. The Government further contends that Boyett and Eichelberger both told friends and associates about the robbery, how it was accomplished, how they divided the money, and what they did with the money.

## LAW AND ANALYSIS

### A. Motion to Exclude Other Crimes

Boyett moves the Court to exclude any evidence that Eichelberger was arrested on December 30, 2002, on narcotics charges.

The Government originally intended to offer evidence that Boyett was arrested on methamphetamine charges, pursuant to Federal Rule of Evidence 404(b). The arrest report indicates that officers were serving an arrest warrant on Eichelberger's then-girlfriend (now wife), Daphne Spinks, and observed Eichelberger stuff something in the front of his coveralls. When officers patted Eichelberger down, they discovered a syringe and a piece of foil with suspected methamphetamine. Eichelberger gave consent to search, and officers found drug paraphernalia and drugs in the house, five firearms and $6,940.00 in cash in his truck, and additional drug paraphernalia in a shed.

At the pre-trial conference in this case, the Government gave notice that it intended to offer

2

Rule 404(b) evidence.

However, after the conference, the Government filed a clarification, in which it states that it intends to offer only the following:

> Evidence will be introduced at trial of the instant case which will show that the cash stolen on November 27, 2002, from the armored car company's van was strapped or wrapped in bundles. Evidence will also be introduced to prove that Eichelberger paid for the truck with cash shortly after the robbery.

Government's Clarification of Evidence [Doc. No. 44].

In its response to Boyett's Motion to Exclude Other Crimes and at the telephone status conference in this case, the Government explained that it will offer the almost $7,000 cash seized from Eichelberger's truck on December 30, 2002, as intrinsic evidence of the bank theft that he and Boyett committed on November 27, 2002. The cash is not evidence of "other crimes" but simply part of the proceeds stolen by the defendants. The Government will not elicit testimony about the narcotics incident, only that on December 30 officers discovered the cash in Eichelberger's truck. The Government further intends to provide circumstantial evidence that the packaging, denominations, and condition of the cash were all consistent with it being money stolen from AM South.

The Court concludes that the evidence of the cash found in Eichelberger's truck is direct evidence of the crimes charged--conspiracy and bank theft--and admissible under Federal Rule of Evidence 401. Assuming that the Government provides sufficient circumstantial evidence at trial linking the cash found in Eichelberger's truck with the cash stolen from AM South, its probative value substantially outweighs the risk of undue prejudice intrinsic to the crimes charged. See Fed. R. Evid. 403. Therefore, Boyett's Motion to Exclude Other Crimes is DENIED.

### B.     Motion on Admissibility of Co-Conspirator's Statements

The Government intends to offer at trial statements by approximately six lay citizens, who were friends and associates of Defendants.[2]

Boyett moves the Court for a hearing on the determination of whether the proffered statements are admissible. He argues that the statements the Government intends to introduce are prejudicial, violate <u>Bruton</u> and <u>Crawford</u>, and are not admissible under the Federal Rules of Evidence.

The Government responds that the statements it intends to offer are admissible as co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E) as non-hearsay. The Government further contends that no hearing is necessary because the only statements it will offer by Eichelberger were made within a few months after the robbery to a handful of witnesses.

Rule 801(d)(2)(E) states in part: "(d) A statement is not hearsay if . . . (2) The statement is offered against a party and is . . . (E) a statement by a co[-]conspirator of a party during the course and in furtherance of the conspiracy." Thus, the Government, as proponent of the statements, must show: (1) the conspiracy existed; (2) the statement was made during the course of and in furtherance of the conspiracy; and (3) the co-conspirator and the defendant are members of the conspiracy. United States v. Asibor, 109 F.3d 1023, 1032 (5th Cir. 1997). The proponent must establish these elements by a preponderance of the evidence. Bourjaily v. United States, 483 U.S. 171, 175 (1987). Further, in the case of a non-testifying co-conspirator, the proponent must adduce independent evidence of a concert of action in which the defendant was a participant. Asibor, 109 F.3d at 1033.

---

[2]Boyett moves for a pre-trial determination of the admissibility of Eichelberger's statements to Daphne Spinks, but the Government does not intend to call her as a witness.

4

The main dispute between the parties is whether Eichelberger's statements were made in furtherance of the conspiracy under Rule 801(d)(2)(E). The Government categorizes Eichelberger's statements into two types: (1) statements in which he described to witnesses his and Boyett's participation and roles in the robbery and (2) statements intended to impress the witnesses about the robbery, in which he showed them how and where he was hiding the proceeds. The Government argues that both types of statements are admissible under Rule 801(d)(2)(E). See United States v. Monus, 128 F.3d 376, 393 (6th Cir. 1997)("Statements that 'identify participants and their roles in the conspiracy' also qualify as statements made in furtherance of the conspiracy.")(quoting United States v. Clark, 18 F.3d 1337, 1342 (6th Cir.1994)).

While Boyett agrees with the Government's recitation of the general legal principles, he argues that the factual predicates of the cases cited are inconsistent with the facts in this case. See United States v. Phillips, 219 F.3d 404, 419 (5th Cir. 2000) ("Efforts to conceal an ongoing conspiracy obviously can further the conspiracy by assuring that the conspirators will not be revealed and the conspiracy brought to an end. . . . Because [the co-conspirator] attempted to explain to her daughter [the testifying witness] the nature of the conspiracy in an effort to exact sympathy so that the scheme could remain a secret, the statements were undoubtedly made 'in furtherance' of the conspiracy, and as such were properly admitted.").

The Fifth Circuit has stated that "[t]he requirement that a co-conspirator's statement be 'in furtherance of' the conspiracy is not to be construed too strictly lest the purpose of the exception be defeated." United States v. Green, 180 F.3d 216, 223 (5th Cir. 1999) (internal quotation marks and citations omitted). While the Fifth Circuit has "shunned an overly literal interpretation of this [phrase]," it has also instructed that "[m]ere idle conversation ... is not considered in furtherance of a conspiracy." Id. (internal quotation marks and citation omitted); see also United States v.

5

Cornett, 195 F.3d 776 (5th Cir. 1999) ("This [co-conspirator] rule is not without its limits, however; a statement is not in furtherance of the conspiracy unless it advances the ultimate objects of the conspiracy. . . 'Mere idle chatter,' even if prejudicial and made among co-conspirators, is not admissible under Rule 801(d)(2)(e).") (citations omitted). In Green, the Fifth Circuit recognized the following types of statements in being in furtherance of the conspiracy:

> [A] statement that identifies the role of one co-conspirator to another (United States v. Magee, 821 F.2d 234, 244 (5th Cir.1987)); statements conveying information that could have been intended to affect future dealings between the parties (United States v. Patton, 594 F.2d 444, 447 (5th Cir.1979)); puffing, boasts, and other conversation when used by the declarant to obtain the confidence of one involved in the conspiracy ( [United States v.] Miller, 664 F.2d [94,] 98 [ (5th Cir.1981) ] ); statements which are puffing or boasts, but which are used to obtain the confidence of the person toward whom the statement is directed (United States v. Johnson, 872 F.2d 612, 623 (5th Cir.1989)).
>
> Burton, 126 F.3d at 675 (internal quotation marks, brackets, and ellipses omitted); see also United States v. Flores, 63 F.3d at 1377 (statements made to inform conspirators of progress of conspiracy or made "in order to encourage loyalty and obedience among the conspirators" are in furtherance of the conspiracy).

Green, 180 F.3d at 223; cf. United States v. El-Zoubi, 993 F.2d 442, 446 (5th Cir. 1993) ("Although the evidence support[ed] a finding that Adel and [defendant] were co[-]conspirators," it did not "support a conclusion that Adel's statement was made in furtherance of the conspiracy." Adel's statement identified his role in the conspiracy, but the statement "was not made to a co[-]conspirator" and the "record does not allow the inference that Adel thought the conspiracy would be more likely to succeed if Alahmad [a non-conspirator] knew of Adel's intent to burn the market [before Adel did so]. Therefore it was error to admit Adel's statement under the co[-]conspirator exception to the hearsay rule.").

The Court has carefully reviewed the controlling authority on Rule 801(d)(2)(E) and agrees with counsel for both parties. The principles cited by the Government are correct, but it is unclear at this point whether the facts surrounding at least some of the statements made to the prospective

6

witnesses meet the requirements for admission as being in furtherance of the underlying conspiracy.

The Court has also considered the necessity of holding a pre-trial hearing. The Fifth Circuit has instructed that "no hearing is required and the district court . . . [is] free to allow admission of the testimony before making its determination of whether the testimony fit[s] within Rule 801(d)920(E)." United States v. West, 58 F.3d 133, 142 (5th Cir. 1995). As Boyett cautions, however, without a pre-trial hearing, the Court may be faced with a motion for mistrial.

Nevertheless, the Court concludes that judicial economy and the evidence as currently presented weighs against holding a pre-trial hearing. It appears from the summary of statements provided to the Court that at least some of Eichelberger's statements will be admissible as co-conspirator statements or that the statements could be redacted to prevent prejudice to Boyett, even if not admissible in their totality. A pre-trial hearing would be almost the same length as the trial itself. Therefore, the Court will not hold a pre-trial hearing, but urges counsel for the Government to proceed cautiously in presenting this type of witness testimony, so as to provide the Court with sufficient information to rule on any objections. Should any improper testimony be admitted, the Court will seriously consider any motion for mistrial.

Accordingly, Boyett's Motion on Admissibility of Co-Conspirator's Statements is DENIED at this time, subject to the Court's consideration of Defendants' objections to the testimony at trial.

### C. Motion to Reconsider

On October 17, 2006, Boyett filed a Motion to Sever [Doc. No. 22] his trial from that of Eichelberger pursuant to Federal Rule of Criminal Procedure 14(a). He argued that a severance is necessary to avoid prejudice resulting from the introduction of out-of-court statements by

7

Eichelberger to third parties which contain "implicit references to . . . Boyett's alleged participation in the crime." [Doc. No. 22, p. 1]. The Government opposed Boyett's Motion to Sever. [Doc. No. 24].

On November 14, 2006, the Court denied Boyett's Motion to Sever. [Doc. Nos. 28 & 29]. The Court incorporates and adopts the previous statement of applicable law contained in its November 14, 2006 Ruling [Doc. No. 28]. The Court ruled:

> Without copies of the statements or additional information suggesting otherwise, the Court can only conclude, at this point, that Boyett's objection could be remedied by a redaction of Eichelberger's statements. In fact, Boyett admits that "severance could possibly be avoided if all references to . . . Boyett were deleted." [Doc. No. 22-2, p. 2]. It will be the Government's responsibility to make any redactions necessary to ensure that Defendant is not denied his confrontation rights. See Gray v. Maryland, 523 U.S. 185 (1998) (holding that a redaction that replaces a defendant's name with an obvious indication of deletion, such as a blank space, still falls within Bruton's protective rule).
>
> Boyett has failed to meet his burden of showing that he is entitled to a severance pursuant to Rule 14. He has shown neither specific and compelling prejudice against which the Court is unable to provide protection, nor that this prejudice would result in an unfair trial. Therefore, to the extent that Boyett seeks severance of his trial from that of Eichelberger, Boyett's Motion to Sever and to Exclude is DENIED.

[Doc. No. 28, pp. 3-4].

In his Motion to Reconsider, Boyett again relies on Rule 14, arguing that his trial should be severed from that of Eichelberger because of the danger of prejudice. In support of his motion, Boyett relies on the arguments in his other two motions. He points to the Government's intention to use evidence of the robbery proceeds found in Eichelberger's truck and the Government's intention to introduce Eichelberger's statements. Boyett also provides a summary of many recorded telephone calls made from jail by him and Eichelberger and claims prejudice from their

8

spill-over effect.

The Government responds that it does not intend to offer "other crimes" evidence, and this basis for the severance is moot. As to the statements, the Government similarly responds that those statements are admissible under Rule 801(d)(2)(E) and thus should not state a basis for severance. The Government further contends that nothing has changed since the Court's original ruling, and the statements still do not implicate Crawford. Likewise, the Government responds that the statements do not implicate Bruton because they are admissible under Rule 801(d)(2)(E), or, in the alternative, they can be redacted with a limiting instruction. Finally, the Government responds that it does not intend to offer all telephone calls made from jail by Boyett and Eichelberger. The Government contends that all calls it will introduce are statements against interest by both Defendants.

In his Reply, Boyett again makes the argument that Eichelberger's statements are not admissible under Rule 801(d)(2)(E) because they did not "advance the ultimate object of the conspiracy" and were not in furtherance of the conspiracy as there was no effort "to exact sympathy so that the scheme could remain a secret." Phillips, 219 F.3d at 419. Therefore, if the trial is severed, the statements would not admissible against him, and the jury would never hear that evidence.

For the reasons stated above, the Court has concluded that the cash found in Eichelberger's truck is admissible and that the issues regarding Eichelberger's statements can be resolved, either because they are admissible, through use of a limiting instruction, or because they will be excluded. Accordingly, Boyett's Motion for Reconsideration is DENIED.

## **CONCLUSION**

For the foregoing reasons, Boyett's Motion to Exclude Other Crimes [Doc. No. 49] and Motion to Reconsider [Doc. No. 50] are DENIED. Boyett's Motion on Admissibility of Co-Conspirator's Statements [Doc. No. 51] is also DENIED, subject to the Court's consideration of Defendants' objections at trial in this matter.

Monroe, Louisiana, this 17 day of September, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE