

RECEIVED
IN MONROE, LA

SEP 2 4 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. No. 06-30026-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| DANIEL SHANE BOYETT | MAG. JUDGE KAREN L. HAYES |

## RULING

Following Defendant Daniel Shane Boyett's conviction in the above-referenced matter on September 19, 2007, the Government orally moved for his detention pending sentencing. Boyett opposed detention, noting that he has been released on bond under the supervision of pre-trial services prior to trial.

Having fully considered this matter, the Court GRANTS the Government's oral motion for detention.

## FACTS

On July 27, 2006, Boyett and his Co-Defendant Chris Eric Eichelberger ("Eichelberger") were charged in a two-count Indictment with conspiracy to commit bank theft of FDIC-insured AM South Bank ("AM South") (Count 1) and aiding and abetting the substantive act of bank theft (Count 2). On the same day, an arrest warrant issued for both Defendants.

On August 9, 2006, Boyett appeared before Magistrate Judge Mark L. Hornsby in Shreveport, Louisiana, for an initial appearance and detention hearing. The minutes of the proceeding do not indicate whether the Government moved for detention. Magistrate Judge Hornsby ordered Boyett released on an unsecured bond of $25,000, and under supervision of the

United States Probation Office. Magistrate Judge Hornsby also issued Conditions of Release. [Doc. No. 10].

On September 1, 2006, Boyett appeared before Magistrate Judge Karen L. Hayes in Monroe, Louisiana, and pled not guilty.

A jury trial was conducted before the undersigned on September 17-19, 2007. At trial, the Government presented evidence to show that Boyett, an armored car driver, and Eichelberger staged a fake armed robbery on November 27, 2002, at an AM South ATM located on Highway 165 in Monroe, Louisiana. On September 19, 2007, the jury returned a verdict of guilty as to both counts against both Defendants. Thus, Boyett has been convicted of conspiracy under 18 U.S.C. § 371 and aiding and abetting bank theft under 18 U.S.C. §§ 2 and 2113(b).

The Government now moves for Boyett's detention pending sentencing, and Boyett opposes his detention. The Court ordered Boyett detained until it could consult with the United States Probation Office and fully consider the issue of detention.

## LAW AND ANALYSIS

The release of a defendant after he has been adjudicated guilty and is awaiting sentencing is governed by the Bail Reform Act, 18 U.S.C. § 3143. The Government contends that Boyett committed a violent crime and should not be released on bond pending sentencing. Section 3143 imposes a strong presumption of mandatory detention for defendants who have pled guilty or been convicted of certain violent offenses or drug trafficking crimes, subject only to a limited exception. *See* 18 U.S.C. § 3142(f)(1); 18 U.S.C. § 3143(a)(2). Thus, if Boyett committed a crime of violence, this strong presumption applies.

For the purposes of detention pending sentencing,

2

> 4) the term "crime of violence" means (A) an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another; (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 3156(4)(A)-(B).[1] It is clear that neither bank theft (or bank larceny as it was previously known) or conspiracy to commit bank theft have as an element of the offense the use or attempted or threatened use of physical force. See 18 U.S.C. § 2113(b)("Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined under this title or imprisoned not more than ten years, or both."); cf. 18 U.S.C. § 2113(a) ("Whoever, **by force and violence, or by intimidation**, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . Shall be fined under this title or imprisoned not more than twenty years, or both.").

Additionally, the Court could find no case in which a court had applied the strong presumption to bank theft under the definition under subsection (B). There is no question that Boyett has been convicted of two felonies, but one or both of the crimes must, by their "nature," involve "a substantial risk that physical force may be used in the course of committing the offense." 18 U.S.C. § 3156(4)(B). The "nature" of the crime refers to the crime itself, not the particular facts and circumstances of this case. See United States v. Acosta, 470 F.3d 132, 134-

---

[1] There is a third category of cases which does not apply. See 18 U.S.C. § 3156(4)(C).

3

35 (2nd Cir. 2006); see also United States v. Chapa-Garza, 243 F.3d 921, 924 (5th Cir. 2001) ("[T]he words 'by its nature' require us to employ a categorical approach when determining whether an offense is a crime of violence."). Accordingly, the Court finds that the strong presumption in favor of detention for crimes of violence does not apply in this case.

However, there remains a presumption in favor of detention. The relevant provisions of Section 3143 are as follows:

> (a) Release or detention pending sentence.- (1) . . . [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .

18 U.S.C. § 3143(a)(1).

To overcome the presumption and gain release, Boyett was required to show, by clear and convincing evidence, that he would not flee or pose a danger to the community. The Court finds that he has failed to meet this burden. In this case, although force, intimidation, or violence is not an element of the crime for which Boyett was convicted, see 18 U.S.C. § 2113(b), the Government presented evidence that a gun was used during the fake armed robbery. Boyett testified that his own gun was taken by the robber, Eichelberger. Thus, Boyett, the inside man, provided the gun that was used in this fake armed robbery. The use of a gun in an admittedly busy location on the day before Thanksgiving carried with it a substantial risk of injury to citizens. Additionally, while Boyett himself claims not to have used drugs and has not failed a drug test while under supervision, evidence was presented at trial that methamphetamine and the items necessary to manufacture methamphetamine were found in his home.

4

With this additional evidence before it, the Court finds that Boyett cannot overcome the presumption in favor of detention. He will remain detained pending sentencing in this matter.

## CONCLUSION

The Government's oral motion for the detention of Boyett is GRANTED. He will remain in the custody of the United States Marshal pending sentencing.

MONROE, LOUISIANA, this 24 day of September, 2007.

                                                      ROBERT G. JAMES
                                                      UNITED STATES DISTRICT JUDGE