RECEIVED
IN MONROE, LA

OCT 1 8 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIM. ACTION NO. 06-30026-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **DANIEL SHANE BOYETT** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

A jury trial was held in the above-referenced case on September 17-19, 2007. On September 18, 2007, at the close of the Government's case, Defendant Daniel Shane Boyett ("Boyett") made an oral motion for judgment of acquittal under Federal Rule of Criminal Procedure 29. At that time the Court took Boyett's motion under advisement.

At the close of the evidence on September 19, 2007, Boyett renewed his motion for judgment of acquittal, and the Court again took the motion under advisement.

On that same day, the jury returned a verdict of guilt against Boyett. The Court then advised counsel that he would permit briefing on Boyett's motion for judgment of acquittal. Boyett timely filed his memorandum [Doc. No. 91], after an extension from the Court, on October 4, 2007.

On October 5, 2007, the Government filed an opposition memorandum. [Doc. No. 93].

For the following reasons, Boyett's motion for judgment of acquittal is DENIED.

Rule 29 of the Federal Rules of Criminal Procedure provides as follows:

The court on motion of a defendant or its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.

When deciding whether to grant a Rule 29 motion for judgment of acquittal, the Court must "consider the evidence, all reasonable inferences drawn from it and all credibility determinations in the light most favorable to the government, and [determine] if a reasonable jury could find the offense's essential elements beyond a reasonable doubt." United States v. Medina, 161 F.3d 687, 872 (5th Cir. 1998); see also United States v. Rena, 981 F.2d 765, 771 (5th Cir. 1993). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilty," but the Government "must do more than pile inference upon inference." United States v. Maseratti, 1 F.3d 330, 337 (5th Cir. 1993) (citations omitted).

Boyett and his Co-Defendant Chris Eric Eichelberger ("Eichelberger") were charged in a two-count Indictment with conspiracy to commit bank theft by stealing $400,000 belonging to FDIC-insured AM South Bank ("AM South") (Count 1) and aiding and abetting larceny (Count 2). The Government alleged prior to trial that the evidence would show that Boyett, an armored car guard, and Eichelberger staged a fake armed robbery on the day before Thanksgiving in 2002. The Government further alleged that Boyett and Eichelberger both told friends and associates about the robbery, how it was accomplished, how they split the money, and what they did with the money.

Boyett contends that the Government's evidence is insufficient to support the jury's verdict as to Count 1 and Count 2.

At trial, the Government presented a tape recording and transcript of a telephone conversation between Boyett and his father, Dennis Boyett, which took place six months before the fake armed robbery, while his father was incarcerated at the Caddo Correctional Center. During that call, Boyett's father instructed him to get in touch with "Ike" (Eichelberger's nickname). Boyett

2

admitted that he knew Eichelberger and had fished with him. Thus, the Government presented evidence that Eichelberger and Boyett knew each other.

The mere fact that Eichelberger and Boyett knew each other is not enough, of course, to establish a conspiracy. However, the Government presented additional evidence showing that Boyett was involved in the conspiracy.

The testimony of Charles McDaniel, Boyett's van partner at Madison Armored Car Company ("Madison"), and Dale Bradford, Boyett and McDaniel's supervisor, established that Boyett had taken steps to run the Monroe route alone on the day of the robbery. Boyett told McDaniel a few days before the robbery that he had permission from Bradford to run the route alone. Bradford testified that he did **not** give Boyett permission to run the route alone.

Boyett's brother-in-law, Thomas Harvill ("Harvill"), testified that, while he was staying at the Boyett home, Boyett showed him a large coffee can full of cash and gave him $1,700.00 in 20's, the denomination of the cash stolen from AM South. Harvill also testified that Boyett later told him, while the two of them were using methamphetamine, that the robbery was fake and that Boyett and his "buddies" had pulled it off. Robert Catanese, another witness, also testified that he saw stacks of $20 dollar bills at Boyett's residence. FBI Agent Greg Adams testified that $2,000 cash was seized from Boyett's residence in "new" 20's.

The Court finds this evidence against Boyett, along with other evidence offered at trial, is sufficient to uphold the jury's verdict on Count 1.

Boyett admits that Harvill's testimony would normally be sufficient to sustain the verdict as to Count 2. However, Boyett argues that Harvill's testimony should not be considered credible as a matter of law because of his "demonstrated bias against Mr. Boyett and his admission that he was

3

on Xanax at the time of his testimony."

The Court disagrees. Harvill admitted that he was upset with his family for a lack of support when he was in jail on drug charges and that his bitterness was his original reason for contacting the FBI. However, he went on to say that there was "no need to lie," that he was on the stand to "tell the truth, the exact truth as I remember it." With regard to his own incarceration, he said that he "guess[ed] everyone gets what they deserve." Harvill readily admitted that he had been prescribed Xanax for anxiety and had taken it for the past nine years. There was no indication in his testimony or his demeanor that the Xanax affected his ability to testify. Given Harvill's explanations and his demeanor, the Court finds that the jury could have reasonably determined that he was credible.

The Court finds the evidence against Boyett is sufficient to uphold the jury's verdict on Count 2.

Accordingly, Boyett's motion for judgment of acquittal [Doc. No. 91] is DENIED.

MONROE, LOUISIANA, this  18  day of  October  , 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

4